972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re CANYON LAKE PROPERTY OWNERS ASSOCIATION, Debtor.
CLAYSON, MANN, AREND & YAEGER; Temescal Water Company, Appellants,
v.
CANYON LAKE PROPERTY OWNERS ASSOCIATION; Hickey & Neuland;
Butterwick, Babcock, Cappelli & Bright, Inc., Appellees.
 No. 91-55586.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1992.
Decided July 24, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PRO, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 This case involves a dispute regarding the proper interpretation of certain release language contained in a written settlement agreement.
 
 
 4
 In May 1988, Canyon Lake Property Owners Association ("Canyon Lake"), a California, nonprofit, mutual benefit corporation, filed a voluntary Chapter 11 bankruptcy petition. At that time, Canyon Lake was prosecuting two unrelated civil actions in California's state courts. The first was a legal malpractice action against the law firm of Clayson, Mann, Arend & Yaeger ("CMAY") and certain attorneys in that firm. Canyon Lake's second state court action was against Temescal Water Company ("Temescal") to determine the rights of the parties under a long-term water lease. Temescal was represented in this action by CMAY.
 
 
 5
 In June 1988, the trial of Canyon Lake's malpractice action against CMAY commenced in the Riverside County Superior Court. On July 21, 1988, after a four-week bifurcated trial, judgment was entered in that case barring Canyon Lake's claims against Albert J. Wojcik, Esq., a former member of the CMAY firm, based on the applicable statute of limitations. Canyon Lake's appeal of the judgment as to Wojcik is currently pending.
 
 
 6
 On November 29, 1988, following nearly a month of trial, Canyon Lake and Temescal agreed to settle the Temescal action. The terms of the settlement were put on the record in state court and no reference was made to Canyon Lake's malpractice action against CMAY.
 
 
 7
 On December 2, 1988, an initial draft of the Settlement Agreement ("Agreement") between Canyon Lake and Temescal was prepared by Canyon Lake's attorney, J.D. Butterwick, Esq., with Canyon Lake and Temescal as the only parties and signatories to the Agreement. However, as part of the settlement, the parties agreed to mutually release each other and their attorneys from any liability for malicious prosecution arising from the Temescal action. Roland Banier, Esq., Temescal's attorney and a member of the CMAY firm, requested that the attorneys in the Temescal action be included as parties and signatories to the Agreement to accomplish the release of the malicious prosecution claims in that action. In an apparent attempt to get the Agreement signed quickly, no changes were made to the broad release language of § 4.01 of the draft which contemplated only Canyon Lake and Temescal as parties and signatories. Neither Butterwick nor Banier intended for the release to cover Canyon Lake's earlier and separate malpractice claim against CMAY. On January 17, 1989, the Agreement signed by Canyon Lake, Temescal and its attorneys was approved by the bankruptcy court.
 
 
 8
 While the Temescal action was being settled, Canyon Lake and CMAY continued to prosecute the earlier malpractice action and the Wojcik appeal. However, on April 4, 1989, Wojcik filed a motion to dismiss Canyon Lake's appeal of the judgment entered in the bifurcated trial the preceding July, on the ground that the Agreement in the Temescal action constituted a release of all defendants in Canyon Lake's separate malpractice action against CMAY. Canyon Lake filed an adversary proceeding in bankruptcy court seeking declaratory relief as to the extent of the release provisions of the Temescal Settlement Agreement and alleging that the release provisions do not extend to the claim against CMAY in the malpractice action, but only to the claims arising from CMAY's representation of Temescal in the Temescal action.
 
 
 9
 The bankruptcy court issued a memorandum decision in which it determined that the Temescal Settlement Agreement releases all claims of Canyon Lake against CMAY existing prior to the date of the Agreement including the claims advanced in Canyon Lake's malpractice action against CMAY. The bankruptcy court thereupon granted CMAY's motions for summary judgment and attorneys fees.
 
 
 10
 The Bankruptcy Appellate Panel reversed the bankruptcy court. It found that although the release provisions in the Settlement Agreement were drawn broadly, the purpose of the Agreement and extrinsic evidence offered by Canyon Lake indicates that Canyon Lake and Temescal only intended that the attorneys be protected from malicious prosecution claims arising from the Temescal action. Alternatively, the Bankruptcy Appellate Panel found that the bankruptcy court erred in not reforming the Settlement Agreement to reflect the true mutual intention of the parties that the release apply only to claims arising from the Temescal action.
 
 
 11
 This Court has jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the Bankruptcy Appellate Panel's decision. Burkevich v. Air Line Pilots Ass'n Int'l, 894 F.2d 346, 349 (9th Cir.1990).
 
 
 12
 The Bankruptcy Appellate Panel thoroughly analyzed the issues and we concur in that analysis.
 
 
 13
 The recent decision of the California Court of Appeals in Winet v. Price, --- Cal.App.3d ----, 6 Cal.Rptr.2d, 554 (Cal.App. 4 Dist.1992) does not compel a different result. Winet involved a dispute in which limited partners sued Winet for breaching his duties as general partner under a partnership agreement. Winet filed a cross-complaint for legal malpractice against Price, the attorney who drafted the partnership agreement. Price moved for summary judgment, arguing that a general release entered nearly fifteen years earlier as part of a settlement of a dispute between Winet and Price over legal fees, barred Winet's cross-complaint. The trial court granted summary judgment, concluding that the release was broadly designed to bar all claims of malpractice arising out of the relationship between Winet and Price. In affirming the trial court, the California Court of Appeals found that the release was unambiguous and was designed to extinguish all claims extant among Winet and Price, including unknown and unanticipated claims. The Winet court also found that the competent extrinsic evidence introduced was not in conflict with the unambiguous scope of the general release. Id. at 557-559.
 
 
 14
 The Winet decision is distinguishable and provides no support for CMAY. As the Bankruptcy Appellate Panel correctly found in this case, the Agreement and extrinsic evidence offered by Canyon Lake demonstrates that the release provisions of the Agreement do not operate as a full release of all claims of Canyon Lake against CMAY, but apply only the Temescal action.
 
 
 15
 The decision of the Bankruptcy Appellate Panel is, therefore, affirmed.
 
 
 
 *
 The Honorable Philip Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3